<u>NOT DESIGNATED FOR PUBLICATION</u>

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2024 KA 0569

STATE OF LOUISIANA

VERSUS

JEREMY SIMS

*Judgment Rendered:*    DEC 1 3 2024

* * * * * * * *

Appealed from the
17th Judicial District Court
In and for the Parish of Lafourche
State of Louisiana
Case No. 618377, Division D

The Honorable Christopher J. Boudreaux, Judge Presiding

* * * * * * * *

| | |
|---|---|
| Gwendolyn K. Brown<br>Baton Rouge, Louisiana | Counsel for Defendant/Appellant<br>Jeremy Sims |
| Kristine Russell<br>District Attorney<br>Joseph S. Soignet<br>Allie Fournet<br>Assistant District Attorneys<br>Thibodaux, Louisiana | Counsel for Appellee<br>State of Louisiana |

* * * * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

The defendant, Jeremy Paul Sims, was charged by bill of information with possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1(A) (Count 1); possession of a schedule II controlled dangerous substance in violation of La. R.S. 40:967(C) (Count 2); possession of a weapon while committing a crime of violence in violation of La. R.S. 14:95(E) (Count 3); and domestic abuse aggravated assault in violation of La. R.S. 14:37.7 (Count 4).[1] The defendant was arraigned on the charges, pled not guilty on all counts, and waived his right to a jury trial. The case proceeded to a bench trial on count one, and the trial court found the defendant guilty as charged.[2] The defendant filed a motion for new trial and a motion for post-verdict judgment of acquittal, which the trial court denied. Following a hearing, the trial court sentenced him to twenty years at hard labor to be served without benefit of probation, parole, or suspension of sentence.[3] The trial court denied the defendant's motion to reconsider sentence. The defendant now appeals, asserting two assignments of error. For the reasons that follow, we affirm the conviction.

## FACTS

On March 16, 2023, Lieutenant Jason Terry and Deputy Jordy Toups with the Lafourche Parish Sheriff's Office responded to a call for assistance regarding a domestic disturbance at Tonya Naquin's residence in Houma, Louisiana. While outside the residence, Lt. Terry and Deputy Toups heard a woman call out for help. The officers entered the residence to investigate and proceeded to a bedroom where they observed Ms. Naquin lying on a bed and the defendant kneeling,

---

[1] On count one, the State amended the bill of information to change the date of the prior felony conviction for possession of heroin from April 10, 2020 to September 10, 2020.

[2] On the morning of trial, the State nolle prossed counts two, three, and four.

[3] The trial court did not designate the underlying conviction as a crime of violence. See La. R.S. 14:95.1(D)

2

shirtless, on the floor beside her.[4] Lt. Terry instructed Ms. Naquin to follow him out of the room, while Deputy Toups remained with the defendant. When the defendant stood up, as instructed, Deputy Toups observed a firearm next to him on a dresser. When Deputy Toups cleared the weapon, he observed a live round inside the 9-millimeter handgun.

A check of the defendant's criminal history revealed he had a prior felony conviction. After being advised of his **Miranda** rights,[5] the defendant advised Deputy Toups that he and Ms. Naquin "only" had a verbal altercation. The defendant admitted that he was a convicted felon, but denied ownership of the firearm. The defendant was placed under arrest.[6] At trial, Agent Jason Naquin, a probation officer with the Louisiana Department of Public Safety and Corrections, testified that he supervised the defendant while he was on felony probation in Terrebonne Parish. Agent Naquin testified that the defendant was placed on probation following his September 10, 2020, conviction for possession of heroin.

## ASSIGNMENT OF ERRORS

In his first assignment of error, the defendant argues the trial court erred in imposing an excessive sentence. He specifically alleges the trial court erred by failing to adequately consider the sentencing factors set forth in Article 894.1. In his second assignment of error, the defendant argues the trial court erred by denying his motion to reconsider sentence. In its brief, the State argues the issues raised by the defendant regarding his twenty-year sentence are moot because the trial court adjudicated the defendant a habitual offender, vacated the prior sentence,

---

[4] Lt. Terry and Deputy Toups both testified that the defendant retrieved a shirt from a dresser inside the bedroom before being escorted from the premises. In addition, Lt. Terry observed a wallet and the defendant's work boots, which led him to believe the defendant lived in the residence.

[5] **Miranda v. Arizona**, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

[6] Lt. Terry testified that he arrested the defendant because he was the aggressor in the domestic disturbance.

3

and resentenced him under La. R.S. 15:529.1 to twenty-five years at hard labor without benefit of probation, parole, or suspension of sentence.

In the instant case, the defendant was sentenced on April 11, 2024. A review of the record reflects that at the conclusion of the sentencing hearing, the trial court noted the defendant had a pending habitual offender bill of information and set a hearing on the matter. The defendant filed a motion for appeal on April 16, 2024, which was granted. The instant appeal was lodged with this court on June 24, 2024. As contended by the State, on May 16, 2024, a hearing was held on the habitual offender bill. Following the introduction of evidence and argument, the defendant was adjudicated a habitual offender. The trial court vacated the sentence on the underlying conviction and resentenced the defendant to twenty-five years imprisonment at hard labor, without benefit of probation, parole, or suspension of sentence.

Given the foregoing, we pretermit discussion of the defendant's assignments of error which concern his original sentence that has been vacated because they are moot.[7] We further pretermit discussion of the sentencing errors found during an error patent review of the appellate record.[8] Any claims that the defendant might have regarding his habitual offender sentence must be addressed in a separate appeal. **State v. White**, 2018-1312 (La. App. 1st Cir. 4/12/19), 276 So.3d 166, 174, writ denied, 2019-00805 (La. 9/24/19), 278 So.3d 977.

**CONVICTION AFFIRMED.**

---

[7] As noted, the defendant's appeal was granted prior to the habitual offender hearing and adjudication. This court exercised its authority under La. Code Crim. P. art. 914.1(D) to designate additional portions of the proceedings below before concluding that the assignments of error are moot. See **State v. Gilbert**, 99-2338 (La. 2/4/00), 758 So.2d 779, 780 (*per curiam*).

[8] In sentencing the defendant, the trial court failed to impose the mandatory fine of not less than one thousand dollars nor more than five thousand dollars and failed to conduct a hearing or provide written reasons pursuant to La. Code Crim. P. art. 875.1 for its decision not to impose a fine. See La. R.S. 14:95.1(B).